CASE LOMBARDI & PETTIT
A LAW CORPORATION

TED N. PETTIT                4287-0
Email: tpettit@caselombardi.com
DANA R. LYONS             8585-0
Email: dlyons@caselombardi.com
RYAN M. HAMAGUCHI        9471-0
Email: rhamaguchi@caselombardi.com
Pacific Guardian Center, Mauka Tower
737 Bishop Street, Suite 2600
Honolulu, Hawai'i  96813
Telephone: (808) 547-5400
Facsimile:  (808) 523-1888

Attorneys for Plaintiff
**EAST WEST BANK,**
**a California commercial bank**

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF HAWAI'I

| | |
|---|---|
| EAST WEST BANK, a California commercial bank, | CIVIL NO. _____ (Foreclosure Action) |
| Plaintiff, | **COMPLAINT; EXHIBITS "A" – "H"; SUMMONS TO ANSWER CIVIL COMPLAINT** |
| vs. | |
| CUZCO DEVELOPMENT U.S.A., LLC, a Hawai'i limited liability company; GUNIL KIM; DOO SUP BYUN; CITY AND COUNTY OF HONOLULU, STATE OF HAWAII; SOO KYUNG YANG; JCCHO HAWAII LLC, a Hawai'i limited liability company; GEORGE W. VAN BUREN; JOHN DOES 1-10; JANE DOES 1-10; DOE | |

30141/1/2365198.4

CORPORATIONS 1-10; DOE
PARTNERSHIPS 1-10; DOE
ENTITIES 1-10; DOE
GOVERNMENTAL UNITS 1-10;

                    Defendants.

## COMPLAINT

Comes now Plaintiff herein, and for cause of action against the above-named Defendants, alleges and avers that:

1.     Plaintiff EAST WEST BANK ("Plaintiff") is and at all times relevant herein was a California commercial bank with its principal place of business in Pasadena, California and is a citizen of the State of California.

2.     Upon information and belief, Defendant CUZCO DEVELOPMENT U.S.A., LLC ("Cuzco Development"), is a Hawai'i limited liability company with its principal place of business in Honolulu, Hawai'i and is a citizen of the State of Hawai'i.

3.     Upon information and belief, Defendant GUNIL KIM ("Kim") is a resident of the State of Hawai'i and a citizen of South Korea, Republic of Korea.

4.     Upon information and belief, Defendant DOO SUP BYUN ("Byun") was a resident of the State of Hawai'i and a citizen of South Korea, Republic of Korea, until his death.

5.     Defendant CITY AND COUNTY OF HONOLULU, STATE OF HAWAII ("City and County") is a municipal corporation registered in the State of Hawai'i.

6.     Upon information and belief, Defendant SOO KYUNG YANG ("Yang") is a resident and citizen of South Korea, Republic of Korea.

7.     Upon information and belief, Defendant JCCHO HAWAII LLC ("JCCHO") is a Hawaiʻi limited liability company with its principal place of business in Honolulu, Hawaiʻi and is a citizen of the State of Hawaiʻi.

8.     Upon information and belief, Defendant GEORGE W. VAN BUREN, Esq. ("Van Buren") is a Honolulu attorney and resident and citizen of the State of Hawaiʻi and is named herein as a defendant solely in his capacity as the court-appointed receiver in the Lawsuit (as defined herein) in control and possession of the Property (as defined herein) and rents generated by the Property.

## JURISDICTION AND VENUE

9.     Pursuant to 28 USC § 1332, jurisdiction in this Court is proper because there is complete diversity of citizenship between Plaintiff and Defendants and the amount in controversy exceeds $75,000.00.

10.     Pursuant to 28 USC § 1391, venue with this Court is proper because the real property at issue is situated, the underlying events occurred, and Defendants either reside or conduct business in the State of Hawaiʻi.

## COUNT I
## (BUSINESS LOAN AGREEMENT, PROMISSORY NOTE, COMMERCIAL GUARANTIES, AND MORTGAGE)

11.    On or about March 15, 2011, Plaintiff and Defendant Cuzco Development entered into that certain Business Loan Agreement, a true and correct copy of which is attached hereto as Exhibit "A."

12.    On or about March 15, 2011, Plaintiff and Defendant Cuzco Development entered into that certain Addendum to Business Loan Agreement, a true and correct copy of which is attached hereto as Exhibit "B."

13.    On or about March 15, 2011, Defendant Cuzco Development, as borrower, for value received, made, executed, and delivered to Plaintiff a Promissory Note in the principal sum of TWENTY-FIVE MILLION FOUR HUNDRED THOUSAND AND NO/100 DOLLARS ($25,400,000.00), a true and correct copy of which is attached hereto as Exhibit "C."

14.    On or about March 15, 2011, Defendant Cuzco Development executed that certain Addendum to Promissory Note, a true and correct copy of which is attached hereto as Exhibit "D."

15.    At the time of the execution and delivery of the Business Loan Agreement and Promissory Note, as a part of the same transaction, as an inducement for Plaintiff's loan to Defendant Cuzco Development, and for

the purpose of securing payment to the payee or holder of the Business Loan Agreement and Promissory Note of the principal sum and interest stated therein when the same shall become due and payable, on or about March 15, 2011, Defendant Kim executed that certain Commercial Guaranty absolutely and unconditionally guaranteeing the indebtedness of Defendant Cuzco Development. A true and correct copy of the Commercial Guaranty signed by Defendant Kim is attached hereto as Exhibit "E."

16.     At the time of the execution and delivery of the Business Loan Agreement and Promissory Note, as a part of the same transaction, as an inducement for Plaintiff's loan to Defendant Cuzco Development, and for the purpose of securing payment to the payee or holder of the Business Loan Agreement and Promissory Note of the principal sum and interest stated therein when the same shall become due and payable, on or about March 15, 2011, Defendant Byun executed that certain Commercial Guaranty absolutely and unconditionally guaranteeing the indebtedness of Defendant Cuzco Development. A true and correct copy of the Commercial Guaranty signed by Defendant Byun is attached hereto as Exhibit "F."

17.     At the time of the execution and delivery of the Business Loan Agreement and Promissory Note, and as a part of the same transaction and for the purpose of securing payment to the payee or holder of the

Business Loan Agreement and Promissory Note of the principal sum and interest stated therein when the same shall become due and payable, Defendant Cuzco Development secured the Promissory Note by the execution of that certain Mortgage dated March 15, 2011, recorded in the Bureau of Conveyances, State of Hawai'i ("Bureau"), as Document No. 2011-057856, on April 8, 2011 and filed with the Office of the Assistant Registrar of the Land Court, State of Hawai'i ("Land Court"), as Document No. 4063600, on April 8, 2011. A true and correct copy of the Mortgage is attached hereto as Exhibit "G."

18.    The Mortgage encumbers the real property owned by Defendant Cuzco Development commonly known as 805, 815, 825, 903, 905-A, 911, and 919 Keeaumoku Street and 1519 Liona Street, Honolulu, Hawai'i 96814 and identified by the following tax map key numbers: (1) 2-3-018-052, (1) 2-3-018-053, (1) 2-3-018-054, (1) 2-3-018-055, (1) 2-3-018-056, (1) 2-3-018-057, (1) 2-3-018-058, (1) 2-3-018-59, (1) 2-3-018-060, (1) 2-3-018-074, (1) 2-3-018-075, and (1) 2-3-018-077 (collectively referred to as "Property"), as more particularly described in Exhibit "H" attached hereto and incorporated herein by reference.

19.    At the time of the execution and delivery of the Business Loan Agreement and Promissory Note, and as a part of the same transaction

and for the purpose of securing payment to the payee or holder of the Business Loan Agreement and Promissory Note of the principal sum and interest stated therein when the same shall become due and payable, Defendant Cuzco Development secured the Promissory Note by granting Plaintiff a security interest in the personal property, furniture, fixtures, and equipment of Defendant Cuzco Development and authorized Plaintiff to perfect such security interest by filing a Uniform Commercial Code financing statement.

20.   The Mortgage and other Loan Documents executed by Defendant Cuzco Development, *inter alia*, (1) contain assignment of rents provisions allowing Plaintiff, upon default by Defendant Cuzco Development, to take possession of the Property and collect and apply rents against the indebtedness under the Promissory Note and (2) grant to Plaintiff a security interest in any and all leases related to and rental income derived from the Property.

21.   The Business Loan Agreement, Addendum to Business Loan Agreement, Promissory Note, Addendum to Promissory Note, Commercial Guaranties, and Mortgage shall hereinafter collectively be referred to as the "Loan Documents."

22.   Plaintiff is the holder of the original Promissory Note and other Loan Documents and is entitled to bring this foreclosure action.

23.   Upon information and belief, on or about June 4, 2013, Defendant Byun died in South Korea, Republic of Korea.

24.   On or about March 4, 2015, Defendant Yang filed a Complaint against Defendant Cuzco Development; Cuzco Development Korea, Inc. ("Cuzco Korea"); Hyung Soo Jang ("Jang"); and D&J Group Co. Ltd., entitled *Yang v. Cuzco Development U.S.A., LLC, et al.*, in the Circuit Court of the First Circuit, State of Hawai'i, as Civil No. 15-1-0378-03 (JHC) ("Lawsuit").

25.   In the Lawsuit, Ms. Yang alleges, *inter alia*, the following:

   a. Cuzco Korea is the sole member of Cuzco Development.

   b. Mr. Byun was the main shareholder of Cuzco Korea until his death.

   c. As Mr. Byun's spouse, Ms. Yang inherited Mr. Byun's shares of Cuzco Korea.

   d. Mr. Jang and others took advantage of Ms. Yang's grieving to fraudulently take control of Cuzco Korea and thereby take control of Cuzco Development by, among other things, fraudulently issuing 48,000 new shares of Cuzco Korea to third-parties to deprive Ms. Yang and other shareholders of their controlling interest and by fraudulently appointing Mr. Jang as manager of Cuzco Development.

  e. Ms. Yang and others successfully filed a lawsuit in the Seoul Central District Court, Korea, to nullify the issuance of the 48,000 additional shares of Cuzco Korea.

  f. Mr. Jang and others, by wrongfully taking control of Cuzco Development attempted to sell the Property when they were not authorized to do so.

26. Ms. Yang's Lawsuit seeks, *inter alia*, an injunction to prevent the unauthorized sale of the Property, appointment of a receiver, and to raise other claims concerning the internal control of Cuzco Korea for damages suffered by Ms. Yang due to the alleged unauthorized takeover of Cuzco Korea and Cuzco Development by Mr. Jang and others.

27. Plaintiff was not served with the Complaint nor named nor made a party to the Lawsuit.

28. On or about March 11, 2015, Defendant Yang recorded and/or filed eleven (11) Statements of Claim of Constructive Trust Pursuant to HRS § 501-134; Exhibit "A" in the Bureau and/or with the Land Court, asserting her claim in and to the Property as alleged in the Lawsuit, as follows:

  a. Land Court Doc Nos. T-9200296, T-9200297, T-9200298, T-9200300, T-9200301, T-9200302, T-9200303, T-9200304, T-9200305, T-9200306, and T-9200307.

  b. Bureau Doc Nos. A-55480942, A-55480943, A-55480944, A-55480945, A-55480946, A-55480947, A-55480948, and A-55480949.

29.    On or about April 21, 2015, Plaintiff sent to Defendant Cuzco Development two letters notifying Defendant Cuzco Development that it was in default under the Loan Documents for the following reasons:

a. Failure to provide Plaintiff with copies of annual financial statements for Defendant Cuzco Development.

b. Failure to pay all real property taxes owing to Defendant City and County.

c. The death of Defendant Byun and failure of Defendant Cuzco Development to name another guarantor of the loan to replace the deceased Defendant Byun.

30.    The events of default described in Plaintiff's April 21, 2015 letters were not cured by Defendant Cuzco Development, Defendant Kim, or Defendant Byun.

31.    On or about September 25, 2015, Defendant Cuzco Development's purported manager submitted to the Department of Commerce and Consumer Affairs, State of Hawaii ("DCCA") a letter instructing the DCCA to administratively freeze Defendant Cuzco Development's business filings to prevent alleged unauthorized persons, including Mr. Jang, from making disputed claims to be the manager of Defendant Cuzco Development.

32.    Presently, the DCCA's records for Defendant Cuzco Development indicate that the business records are administratively frozen

and that Defendant Cuzco Development is not in good standing as a Hawai'i limited liability company.

33.　On or about October 30, 2015, the parties to the Lawsuit filed a Stipulated Order Appointing Receiver to manage the Property. The receiver appointed was Defendant Van Buren.

34.　The Stipulated Order Appointing Receiver authorizes and directs Defendant Van Buren to, *inter alia*, collect rents from tenants of the Property and use such proceeds to pay Plaintiff amounts owed under the Promissory Note in order to preserve and maintain the receivership estate.

35.　Upon information and belief, the Property generates approximately $250,000 in rental income per month.

36.　Upon information and belief, Defendant Van Buren has been collecting rents from tenants of the Property since the date of his appointment as receiver and has held or is presently holding approximately $600,000, which funds are the cash collateral of Plaintiff under the Business Loan Agreement, Promissory Note, Mortgage, and other Loan Documents.

37.　Defendant Van Buren has not paid to Plaintiff any of the rents he collected, despite the plain language of the Stipulated Order Appointing

Receiver and objection from Plaintiff to Defendant Van Buren that its cash collateral not be used for unauthorized purposes.

38.   On or about November 5, 2015, Plaintiff sent to Defendant Cuzco Development, Defendant Kim, and the successors to and/or estate of Defendant Byun a letter notifying Defendant Cuzco Development of its continuing default under the events of default identified in the April 21, 2015 letter and of additional events of default that had recently come to the attention of Plaintiff, such as the following:

   a. Failure to provide Plaintiff with a copy of Defendant Cuzco Development's 2014 federal and State of Hawai'i tax returns.

   b. Failure to comply with the required debt coverage ratio of not less than 1.20 to 1.

   c. Failure to promptly inform Plaintiff of existing or threatened litigation, claims, and/or administrative proceedings affecting Defendant Cuzco Development and/or Guarantors.

   d. Failure to properly notify Plaintiff that one or more named managers of Defendant Cuzco had withdrawn and/or been replaced.

   e. Failure to maintain good standing with the DCCA, due to the administrative freeze placed on Defendant Cuzco Development by the DCCA.

39.   None of the events of default identified by Plaintiff in its April 21, 2015 and November 5, 2015 have been cured by Defendant Cuzco, Defendant Kim, or Defendant Byun.

40.   On or about November 16, 2015, Plaintiff sent Defendant Cuzco Development, Defendant Kim, and the successors to and/or assigns of and/or estate of Defendant Byun a letter stating its notice of intent to foreclose the Mortgage on the Property. The November 16, 2015 letter identified the following additional events of default under the Loan Documents:

    a. Appointment of a receiver to manage the Property on October 30, 2015, by stipulation in the Lawsuit.

    b. Failure to make payment in the total amount of $153,757.47 due for the month of November 2015.

41.   On or about November 25, 2015, Defendant JCCHO filed in the Lawsuit a Motion to Intervene or, in the Alternative for Joinder ("Motion to Intervene"), alleging that, on or about July 27, 2015, Defendant Cuzco Development, as lessor, and JCCHO, as lessee, entered into a Master Lease effective August 1, 2015 for the Property.

42.   JCCHO's Motion to Intervene further alleges that JCCHO is authorized to lease out commercial retail space to the Property, collect rents from the tenants, and pay rent under the Master Lease to Defendant Cuzco Development.

43.   JCCHO's Motion to Intervene is currently pending in the Lawsuit.

44.   Execution of the Master Lease by Defendant Cuzco Development is a breach and default of the Business Loan Agreement, Promissory Note, Mortgage, and other Loan Documents because the Master Lease is an unauthorized encumbrance to the Property, is expressly disallowed under the Loan Documents, and diverts rents in which Plaintiff has a perfected security interest to pay a third-party (JCCHO) rather than toward payment on amounts due under the Promissory Note, Mortgage, and other Loan Documents.

45.   On or about January 8, 2016, Defendants Yang and Cuzco Development, along with Cuzco Korea, submitted to the Court in the Lawsuit a proposed Stipulated Order for Dismissal Without Prejudice of All Claims and Parties and for Discharge of Receiver ("Stipulated Dismissal"), which is currently pending.

46.   On or about January 11, 2016, Plaintiff submitted to the Court in the Lawsuit and to counsel for parties in the Lawsuit a letter objecting to entry of the Stipulated Dismissal on the ground that, *inter alia*, the Stipulated Dismissal directs turnover of funds held by Defendant Van Buren, as receiver, to Defendant Cuzco Development rather than turning over such funds to Plaintiff, which is an improper, unauthorized, and illegal use of Plaintiff's cash collateral.

47.    Due to its failure to cure the events of default described herein, Defendant Cuzco Development is in default under the terms of the Loan Documents.

48.    Due to their failure to cure the events of default described herein, Defendants Kim and Byun are in default of their respective Commercial Guaranties.

49.    Due to the defaults of Defendants Cuzco Development, Kim, and Byun, Plaintiff has exercised, and does hereby further exercise, its option under the terms and covenants of the Loan Documents to declare the entire principal balance due thereunder, together with interest and all other sums immediately due and payable.

50.    Due to the defaults of Defendants Cuzco Development, Kim, and Byun and pursuant to the terms of the Loan Documents, Plaintiff is entitled to foreclose the Mortgage on the Property and on the personal property described in the Loan Documents and to collect the rents generated by the Property.

51.    Due notice was provided to Defendants Cuzco Development, Kim, and Byun of Plaintiff's right to exercise of its foreclosure option. Although Plaintiff made demand upon these Defendants to cure the events of default, including payment of all sums due and owing under the

Promissory Note and Commercial Guaranties, Defendants have failed, neglected and refused and still fail, neglect and refuse to cure the defaults.

52.    Pursuant to the Loan Documents, there is now due and owing to Plaintiff from Defendants Cuzco Development, Kim, and Byun the outstanding balance of $24,180,499.21 as of December 14, 2015, together with interest at the default rate as provided in the Promissory Note, together with attorneys' fees and additional fees and costs that shall be proven at trial.

53.    Plaintiff is entitled to judgment in its favor and against Defendants Cuzco Development, Kim, and Byun and/or Defendant Byun's estate, heirs, devisees, and/or beneficiaries of any trust in an amount that shall be shown at trial.

## COUNT II
## (PERSONAL GUARANTIES)

54.    Paragraphs 1 through 53 above are incorporated herein by this reference as though fully and completely restated and realleged.

55.    Defendant Kim is in breach of his obligations under the Commercial Guaranty he executed.

56.    Defendant Byun is in breach of its obligations under the Commercial Guaranty he executed.

57.     Plaintiff is entitled to judgment in its favor and against Defendants Kim and Byun and/or Defendant Byun's estate, heirs, devisees, and/or beneficiaries of any trust, jointly and severally, in an amount that shall be shown at trial.

## COUNT III
## (PRELIMINARY AND PERMANENT INJUNCTION)

58.     Paragraphs 1 through 57 above are incorporated herein by this reference as though fully and completely restated and realleged.

59.     Based on the allegations set forth above, Plaintiff is entitled to injunctive relief, including as may be appropriate, a temporary restraining order, preliminary and/or permanent injunction against Defendant Van Buren and Cuzco Development to prevent the improper and unauthorized use of Plaintiff's cash collateral and to prevent Defendant Van Buren from turning over Plaintiff's cash collateral to Defendant Cuzco Development; and against all Defendants to prevent any of Defendants from taking any further actions to impair the collateral of Plaintiff.

## COUNT IV
## (TURNOVER OF RENTS HELD BY RECEIVER AND ACCOUNTING)

60.     Paragraphs 1 through 59 above are incorporated herein by this reference as though fully and completely restated and realleged.

61.     Based on the allegations set forth above, Plaintiff is entitled to turnover of all rents generated by the Property and currently collected and held by Defendant Van Buren.

62.     Plaintiff is entitled to an accurate and complete accounting of all rents previously and/or currently collected by Defendant Van Buren as receiver in the Lawsuit and any other collateral in possession or control of Defendant Van Buren as receiver.

WHEREFORE, Plaintiff prays for appropriate orders and judgments:

A.     That process issue herein citing and summoning Defendants to appear and answer this Complaint as by law provided and to stand to and perform and abide by such orders, decrees and directions as may be made and entered herein.

B.     That upon a hearing there be ascertained the total amount due to the time of judgment under the Business Loan Agreement, Promissory Note, Commercial Guaranties, Mortgage, and other related Loan Documents, including principal, interest, advances, costs, expenses, attorneys' fees and late fees, and that this Court make and enter its judgment.

C.     That there is due and owing to Plaintiff by virtue of the terms of the Business Loan Agreement and Promissory Note and under the

Mortgage, certain sums of money, including without limitation all sums of money, including all advances, costs, expenses, attorneys' fees, late fees, and other charges be declared to be a lien upon the Property.

D.     Appointing a Receiver for the Property to take possession of all of the Property, be authorized to collect rents, operate, and conduct business on the Property, be authorized to collect all funds held by Defendant Van Buren for turnover to Plaintiff, and directing that the Receiver sell the same, for cash in lawful money of the United States in the manner provided by law and the orders of this Court and upon the confirmation of the sale by this Court, that the Receiver be authorized and directed to make and deliver to the purchaser or purchasers such instruments of conveyance of the Property as may be appropriate in the premises.

E.     Authorizing and directing such Receiver, after the payment of all necessary expenses of such sale, to make application of all the proceeds thereof so far as the same may be necessary to the payment of the amount found due and owing to Plaintiff upon the Business Loan Agreement, Promissory Note, Commercial Guaranties, Mortgage, and other Loan Documents, including the aforesaid advances, costs, expenses, attorneys' fees and late fees.

F.    Authorizing Plaintiff to be a purchaser and to credit bid at any sale made as aforesaid, without the requirement of any down payment at the sale.

G.    That if the proceeds of such sale shall be insufficient to pay the aforesaid amount to Plaintiff and it shall appear that a deficiency exists, directing a joint and several judgment to be entered for such deficiency against Defendants Cuzco Development, Kim, and Byun and/or Defendant Byun's estate, heirs, devisees, and/or beneficiaries of any trust and that Plaintiff have execution therefor.

H.    That upon the foreclosure sale herein prayed for, Defendants herein named and all persons claiming any interest in the Property by, through or under said Defendants be forever barred and foreclosed of and from any and all right, title and interest and claims at law or in equity in and to the Property.

I.    That if any sum or sums are adjudged to be due and owing to any of Defendants, such amounts be adjudged to be junior and subordinate to the judgment of Plaintiff;

J.    An award of appropriate injunctive relief, including as may be appropriate, a temporary restraining order, preliminary and/or permanent injunction against Defendant Van Buren and Cuzco Development to

prevent the improper and unauthorized use of Plaintiff's cash collateral and to prevent Defendant Van Buren from turning over Plaintiff's cash collateral to Defendant Cuzco Development; and against all Defendants to prevent any of Defendants from taking any further actions to impair the collateral of Plaintiff; and

K.      Compelling Defendant Van Buren, as court-appointed receiver in the Lawsuit, to turnover to Plaintiff or a receiver appointed in this foreclosure action all rents, cash collateral, and any other collateral in possession, custody, or control of Defendant Van Buren, receiver in the Lawsuit, and provide a full, complete, and accurate accounting of all collateral to which Plaintiff has a security interest.

L.      That Plaintiff have such other and further relief as may be just and equitable.

DATED:    Honolulu, Hawai'i, January 21, 2016

TED N. PETTIT
DANA R. LYONS
RYAN M. HAMAGUCHI
Attorneys for Plaintiff
**EAST WEST BANK**